UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 17-23333-CIV-MARTINEZ-OTAZO-REYES

JANE DOE

  Plaintiff,

vs.

JOHN ROE

  Defendant.

_____/

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

COMES NOW Plaintiff JANE DOE, through counsel, to move this Court for leave to proceed anonymously in this action pursuant to Rule 10(a) of the Federal Rules of Civil Procedure. In support of this motion, Plaintiff states as follows:

**I.  INTRODUCTION**

This action deals with the support and wellbeing of a minor child. After spending nine years in a committed, loving relationship, in 2002, Plaintiff JANE DOE and Defendant JOHN ROE had a child out of wedlock, Child X. See Declaration of Jane Doe ("Doe Decl.") ¶ 2, attached hereto as **Exhibit A**. This was due to the fact that, despite their serious relationship, Defendant remained married to another woman throughout their entire relationship. (*Id*.) Because he was married, Defendant demanded that his relationship with Plaintiff remain a secret. (*Id*.) When Child X was born, Defendant proposed an agreement whereby he would provide support for Child X if Plaintiff raised the child by herself and kept the truth of her parentage

secret. (*Id*. at ¶¶ 3-4.) Plaintiff agreed and since 2002 has upheld her part of the contract. (*Id*. at ¶ 5.) Defendant however, has failed to provide the promised financial support for Child X. (*Id*.)

Plaintiff and Defendant's child is now a thriving fifteen-year-old high school student with an incredibly bright future. (*Id*. at ¶ 6.) Child X does not know that Defendant is her father, and she is completely unaware that there is a legal proceeding which centers on her wellbeing. (*Id*. at ¶ 5.) Learning the truth about her father through these court proceedings would have a devastating effect on Child X. (*Id*. at ¶ 6.) In order to protect her child, Plaintiff decided to pursue her lawsuit anonymously. (*Id*. at ¶ 7.) Further, Plaintiff filed anonymously so that she could continue to uphold her part of the agreement at the center of this dispute – that she would keep Child X's existence and paternity a secret. Although Plaintiff has filed anonymously, Defendant is aware of her identify as the claims brought in this instant case were previously the subject of a lawsuit in the State of California, County of Los Angeles titled *Sonja L. v. Francesco G.* Case No. BC640503. (*Id*.) As such Defendant will face no prejudice if the parties proceed anonymously. Child X however, will face irreparable harm if the parties' identities are revealed in this matter. Therefore, this Court should allow Plaintiff and Defendant to proceed anonymously.

## II.     ARGUMENT

### Legal Standard

Parties to a lawsuit are generally required to disclose identifying information, including their names, in the title of a complaint.[1] *See* Fed.R.Civ.P. 10(a). However, "the rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). A plaintiff may proceed anonymously where there is "a substantial privacy right which outweighs the customary and

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted and all emphasis is added unless otherwise noted.

constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). In the Eleventh Circuit determining whether such a privacy right exists begins with a consideration of whether the case falls within three scenarios: "(1) plaintiffs challenging governmental activity; (2) plaintiffs required to disclose information of the utmost intimacy; and (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id*.

That said, these factors are not "intended as a rigid, three-step test for the propriety of party anonymity." *Id*. Rather, courts "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. Courts should consider "whether the issues involved are matters of a sensitive and highly personal nature such that the practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014).

**Child X's Privacy Interests Warrants Proceedings Anonymously**

Courts have often recognized "the special status and vulnerability of ... child-litigants." *Doe v. Stegall,* 653 F.2d 180, 186 (5th Cir.1981). Recognizing that vulnerability, FRCP 5.2(a) expressly states that minors can be identified in court proceedings by their initials. *See* Fed.R.Civ.P. 5.2(a). Therefore, in addition to the factors above, in determining whether a plaintiff can proceed anonymously, the Eleventh Circuit considers "whether the plaintiffs [are] minors." *Francis*, 631 F.3d at 1316.

The privacy considerations afforded to minors extend to their parents when the issues in the case directly involve the privacy of their children. *See Doe v. Banos*, 713 F.Supp.2d 404, 407 n. 1 (D.N.J.2010) (allowing the father to proceed anonymously to protect the identity of his

minor daughter). This is because the privacy afforded to the child's identity would be vitiated if the parent was publicly identified. *D.L. ex rel. Phan L. v. Bateman*, No. 3:12-CV-208-J-32JBT, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) ("Those same considerations also support allowing their parents, S.L. and Phan L., to proceed anonymously, because public disclosure of their identities would nullify any privacy protection given to their children alone."); *C.B. v. Pittsford Cent. Sch. Dist.*, No. 08-CV-6462 CJS, 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009) ("Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials."); *D.M. v. Cty. of Berks*, 929 F. Supp. 2d 390, 402 (E.D. Pa. 2013) ("And, finally—and most importantly—both parties recognize that the Children have a clear right to remain anonymous in this proceeding. This protection, however, 'would be eviscerated' if the Parents are not allowed to remain anonymous.")

Here, Child X's privacy right outweighs the public interest in the disclosure of the parties' names. The parentage of Child X is undoubtedly a highly sensitive and highly personal matter. Child X is unaware that Defendant is her father, unaware that her father demanded that she be kept a secret for fifteen years, unaware that a lawsuit exists involving her parents, and unaware that she does not know the truth of who her parents are. Revealing the identity of the Plaintiff and Defendant in this matter would necessarily reveal Child X's identity, and would be an incredibly damaging experience for Child X during her key teenage years. In an analogous case the Fourth Circuit reversed an order denying anonymity for a husband and wife suing a fertility doctor that used his own sperm to inseminate their eggs instead of the husband's sperm. *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993). The two minor children in *James* did not know that the defendant doctor was their actual birth father. *Id*. at 235. In reversing the district court,

the Fourth Circuit recognized a "risk of harm to the children from revelation of the full circumstances of their birth." *Id*. at 241. That same risk of harm exists here. The risk that Child X could learn the full truth of her birth through a court proceeding and the harm that would cause her warrants allowing the parties to proceed anonymously.

### Defendant Will Face No Prejudice If Plaintiff Proceeds Anonymously

Defendant will not be prejudiced if the matter proceeds anonymously because Defendant is well aware who the Plaintiff is and who Child X is. *Doe v. Epstein*, No. 08-80893-CIV, 2008 WL 11332056, at *1 (S.D. Fla. Oct. 6, 2008) ("Significantly, this is not a case in which permitting Plaintiff to proceed pseudonymously will disadvantage Defendant. Defendant already knows Plaintiff's true identity and will be privy to the sealed document containing Plaintiff's name."); *C.B. v. Pittsford Cent. Sch. Dist.*, No. 08-CV-6462 CJS, 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009) ("Moreover, this is not a case where a defendant will be unaware of the identity of the plaintiffs, as the defendant will necessarily have been involved in administrative proceedings before an IDEA claim may be commenced in federal court.").

Indeed, anonymity favors Defendant, a prominent businessman, who has spent the last fifteen years trying to keep Child X, and her mother, a secret from his wife, "legitimate" children, family, friends, and business associates. Allowing the parties to continue anonymously only protects Defendant and his interests.

Additionally, Defendant has demanded Plaintiff's silence regarding their child for the last fifteen years in exchange for his financial support. Plaintiff has bent over backwards to keep her side of the agreement, and continues to do so by filing anonymously here. As Defendant faces no prejudice by the parties proceeding anonymously, the Court should grant this motion.

### III.   CONCLUSION

For the foregoing reasons, this Court should grant this instant motion and allow Plaintiff and Defendant to proceed anonymously in this action.

Date: November 16, 2017        Respectfully submitted,

        BECKER & POLIAKOFF, P.A.
        *Attorneys for Plaintiff*
        1 E. Broward Blvd., Suite 1800
        Ft. Lauderdale, FL 33301
        Tel: 954-985-4133
        Fax: 954-985-4199
        dwallach@bplegal.com

        By:   /s *Daniel L. Wallach*
        Daniel L. Wallach, Esq.
        Florida Bar No. 54027

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF system on November 16, 2017 on all counsel or parties of record.

        /s Daniel L. Wallach
        Daniel L. Wallach, Esq.
        Florida Bar No. 540277

ACTIVE: P25022/385716:10317416_1_KBROWN