UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-23333-CIV-MARTINEZ-OTAZO-REYES

JANE DOE,
    Plaintiff,

vs.

JOHN ROE,
    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Proceed Anonymously [ECF No. 8]. Defendant did not respond to Plaintiff's Motion. The Court has considered the Motion, the record in this action and is otherwise fully advised in the premises.

Plaintiff requests that the Court allow the parties to proceed anonymously to protect the identity of their minor child as the issues here directly involve the minor child and her privacy interests. Plaintiff states that Defendant will suffer no prejudice as Defendant is aware of the identity of his child by way of prior litigation in California. *See Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (discussing the presumption of openness in judicial proceedings and stating, "[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." ).

In determining whether proceeding anonymously is permitted in a particular case, the Court must balance the parties' privacy rights against the presumption of openness in judicial proceedings. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Courts first look to three factors: (1) whether plaintiff is seeking anonymity challenging governmental activity; (2) whether plaintiff will be required to disclose information of the utmost intimacy; and (3) whether plaintiff will be compelled to admit her intention to engage in illegal conduct and thus risk criminal prosecution. *Francis*, 631 F.3d at 1316. Here, the only relevant consideration is the second factor. Courts also consider other factors when appropriate, including the need to protect the privacy interests of a minor. *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). The privacy considerations afforded to minors extend to their parents when the issues in the case

- 2 -

directly involve the privacy of their children. *See D.L. ex rel. Phan L. v. Bateman*, No. 3:12-CV-208-J-32JBT, 2012 WL 1565419, at *2 (M.D. Fla. May 2, 2012) ("Those same considerations also support allowing their parents...to proceed anonymously, because public disclosure of their identities would be eviscerated unless the parent was also permitted to proceed using initials."); *Doe v. Banos*, 713 F.Supp.2d 404, 407 n.1 (D.N.J. 2010) (allowing father to proceed anonymously to protect identity of minor daughter).

Here, after considering all of the foregoing factors, the Court finds that the balance weighs in favor of allowing the parties to proceed anonymously and that Plaintiff has satisfied the burden to overcome the presumption of openness in judicial proceedings. The parties will be required to disclose information of the utmost intimacy regarding their minor child. Moreover, public disclosure of the parties' identities would nullify any privacy protection given to the minor child and would lead to the uncovering of the minor child's identity. *See Bateman*, 2012 WL 1565419, at *2; *Banos*, 713 F.Supp.2d at 407 n.1. Accordingly, after careful consideration, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to Proceed Anonymously [ECF No. 8] is **GRANTED.** Plaintiff shall be allowed to proceed in this action under the pseudonym "Jane Doe." Defendant shall be allowed to proceed in this action under the pseudonym "John Roe."

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of August, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record