UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-23333-CIV-MARTINEZ-OTAZO-REYES

JANE DOE,
    Plaintiff,

vs.

JOHN ROE,
    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant John Roe's ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 11]. The Court has reviewed Defendant's Motion, Plaintiff Jane Doe's ("Plaintiff") Response in Opposition thereto [ECF No. 17], Defendant's Reply [ECF No. 20], the record in this action and is otherwise fully advised in the premises.

### I.    Background

Plaintiff and Defendant conceived a child together. This action arises out of a series of alleged oral agreements between Plaintiff and Defendant, regarding Defendant providing support for their child and withholding Defendant's identity from their child. Plaintiff filed an Amended Complaint, bringing the following claims under Florida law: (1) Fraud (Count I); (2) Promissory Estoppel (Count II); (3) Breach of Contract (Count III); and (4) Unjust Enrichment (Count IV) [ECF No. 7]. Defendant moves to dismiss Plaintiff's Amended Complaint, seeking dismissal under Federal Rules of Civil Procedure 12(b)(6) and 9(b)'s particularity requirements.

### II.    Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a plaintiff's pleading "must contain ...

a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has instructed that a plaintiff must submit "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Dismissal of a complaint under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Ala.*, 30 F.3d 117, 120 (11th Cir. 1994).

Federal Rule of Civil Procedure 9(b), which governs the pleading of fraud, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Eleventh Circuit has interpreted this command as requiring a plaintiff to allege, "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff; and (4) what the defendant gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir. 2010). Rule 9(b) does not, however, abrogate the concept of notice pleadings. *Brooks*, 116 F.3d at 1371.

**III. Analysis**

**a. Shotgun Pleading**

At the outset, the Court addresses an argument repeated by Defendant throughout his Motion to Dismiss: the Amended Complaint should be dismissed as it contains contradictory allegations within a single count. Plaintiff responds that she has properly pleaded her breach of contract, unjust enrichment and promissory estoppel claims in the alternative and in separate counts.

Plaintiff is not prevented from pursuing alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts. *See* Fed. R. Civ. P. 8. However, Plaintiff's Amended Complaint violates Rule 10(b) and can be deemed a shotgun pleading. There are four types of shotgun pleadings, with Plaintiff's Amended Complaint falling under two types.

"The most common type – by a long shot – is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015). In other words, while the jurisdictional and factual allegations common to all counts may be adopted within each count, [ECF No. 7 ¶¶ 1-26], each subsequent count cannot adopt the allegations of all preceding counts. Here, a review of Plaintiff's Amended Complaint reveals that it suffers from that exact flaw. *Id.* ¶ 50 (Count IV, Unjust Enrichment, "Plaintiff repeats and re-alleges each and every paragraph above as if set forth herein."); *see also id.* ¶¶38, 45.

Another type of shotgun pleading is "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F. 3d at 1321. Essentially,

this occurs when plaintiff pleads multiple claims under a single count. Here, a review of Plaintiff's Amended Complaint shows that Plaintiff is in essence combining two claims under Count I: Fraud and Fraud in the Inducement. Specifically, Plaintiff bases Count I on all alleged misrepresentations made to her, including those misrepresentations made to her in entering into the alleged agreement, in addition to asserting that Defendant intended "to defraud and *induce* Plaintiff to re[]ly upon the promises." [ECF No. 7 at 6] (emphasis added). As pleaded, it appears to this Court that Plaintiff is alleging: (1) fraud in the inducement with respect to certain oral misrepresentations by Defendant to induce Plaintiff to enter into the alleged agreement instead of continuing negotiations or instituting legal action against Defendant for paternity and child support; and (2) mere fraud with respect to other oral misrepresentations made after the agreement was entered into in order to prevent Plaintiff from attempting to enforce the agreement by court action or otherwise obtain some form of relief against Defendant. This constitutes a shotgun pleading and must be remedied. As such, Plaintiff's Amended Complaint is dismissed without prejudice as an improper shotgun pleading. Nevertheless, the Court will analyze the merits of the remaining arguments presented as if this shotgun pleading issue did not exist in order to dispense with arguments that will undoubtedly be raised again if not addressed.

    **b. Fraud Claim (Count I)**

Defendant moves to dismiss Count I, arguing that (a) Plaintiff has failed to state a claim for relief; (b) Plaintiff has failed to allege Count I with specificity; (c) Count I is barred by collateral estoppel; (d) Count I is barred by the statute of limitations; (e) Count I is barred by the economic loss rule; and (f) Plaintiff lacks standing to bring Count I. The Court will address each argument, in turn.

### i. Plaintiff has stated a claim for relief

Defendant contends that Plaintiff has failed to state a claim for relief because there are no damages resulting from the alleged fraud. Under Florida law, the elements of fraud in the inducement and mere fraud are the same: (1) a false statement concerning material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induces another to act on it; and (4) consequent injury to the party acting in reliance of the representation. *See Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010); *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So. 2d 297, 304 (Fla. 1st DCA 1999).

Here, Defendant argues that Plaintiff suffered no losses due to her refraining from revealing to Child X the identity of Child X's father. However, Plaintiff's allegations, accepted as true at this stage in the proceedings, clearly refute Defendant's argument. Plaintiff alleges that Defendant promised her monetary compensation for not revealing Defendant's identity to Child X, which induced Plaintiff to act in a manner contrary to how she would otherwise act (i.e., induced Plaintiff to not tell her daughter her father's identity). [ECF No. 7 ¶ 28]. Now, Plaintiff is seeking damages because Plaintiff received nothing for refraining from revealing Defendant's identity to Child X, despite Defendant's misrepresentations that Plaintiff would be duly compensated for such. These are quintessential allegations of damages due to fraud in the inducement.

Moreover, as to the allegations of mere fraud, Plaintiff alleges damages sustained as a result of additional misrepresentations allegedly made by Defendant in order to induce Plaintiff to refrain from attempting to enforce the alleged agreement, e.g., these additional misrepresentations damaged Plaintiff as measured by the difference between the value of enforcing the alleged agreement and the amounts Defendant actually received by Plaintiff.

Thus, Plaintiff sufficiently identifies her damages as Defendant's failure to monetarily compensate her for her performance of the agreement, which Plaintiff alleges Defendant never had any intention of actually providing to Plaintiff, as well as incurring further damages due to Defendant's ongoing misrepresentations that induced her to refrain from attempting to enforce the alleged agreement. Accordingly, Plaintiff has sufficiently stated damages in support of her claims for fraud and fraud in the inducement, claims which must be separated into two counts, as indicated *supra*. However, the Court must dismiss Count I as a shotgun pleading pursuant to the Court's analysis in section III(a), *supra*.

### ii. Plaintiff has alleged fraud with specificity

Under the Federal Rules of Civil Procedure, a plaintiff must allege: (1) the precise misrepresentations made; (2) the time and place of, and person(s) responsible for the misrepresentations; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendant gained by the alleged fraud. *See* Fed. R. Civ. P. 9(b). Defendant contends that Plaintiff has failed to properly address these elements of Rule 9(b) and thus failed to plead with specificity.

First, Defendant makes the general claim that Plaintiff did not specify precisely what misrepresentations were made. The Complaint indicates that the misrepresentations were the false promises to Plaintiff for specific amounts of monetary compensation in return for specific promises from Plaintiff, as well as the subsequent false promises to Plaintiff such that Plaintiff was induced not to enforce the agreement by court action or otherwise. The Court finds that this first prong is satisfied.

Second, Defendant claims that Plaintiff failed to specify the exact date of the agreement, and that because Plaintiff failed to specify where the agreement took place, it is not clear what

state law applies to this matter. However, this Court does not find that to be the case. The Complaint states that the agreement was made in late 2002 and subsequent oral promises were made following that agreement until 2014. Because these were oral promises, it would be nonsensical to require Plaintiff to specifically recall the precise date of the agreement and of each and every subsequent oral promise. The Complaint satisfies this aspect of the second prong. However, Defendant does make a legitimate point regarding the Complaint not specifying where the agreement took place. Defendant brings this to the Court's attention to claim that it cannot properly prepare a defense when it is unclear which state law applies. Although the Complaint does not specify where the alleged agreement took place, the Complaint does bring forth all counts under Florida law. Thus, the applicable law is Florida law. Because these counts were all brought expressly under Florida law, Plaintiff must be alleging that the agreement and any oral misrepresentations following it occurred in Florida.[1] Thus, the Complaint satisfies this prong in its entirety.

Third, Defendant makes a conclusory statement that Plaintiff failed to satisfy the third prong. However, the Complaint states numerous times how the alleged agreement misled Plaintiff into acting in a different manner (e.g., lying to Child X about her father's identity and refraining from pursuing paternity and child support) because she was led to believe she would receive monetary compensation for acting in such a manner. Additionally, the subsequent false

---

[1] *See Estate of Hibbard v. Hibbard*, No. 18-cv-63, 2018 WL 2938353, at * 3 (M.D. Fla. June 12, 2018) ("In matters of contract, Florida continues to adhere to the rule of *lex loci contractus*. *State Farm Mut. Auto Ins. Co. v. Roach*, 945 So.2d 1160, 1163 (Fla. 2006). That rule provides that, in the absence of a contractual provision specifying the governing law, a contract - other than one for the performance of services - is governed by the law of the state in which the contract was made.") (citing *Shaps v. Provident Life & Acc. ins. Co.,* 244 F.3d 876, 881 (11th Cir. 2001)). To the extent Defendant contends that any oral agreement alleged in the Complaint was entered into outside of the state of Florida, Defendant may assert such as an affirmative defense to Plaintiff's Florida law breach of contract claim.

promises are alleged to have misled Plaintiff into refraining from enforcing the alleged agreement. Naturally, this shows how the content and manner of the misrepresentation misled Plaintiff. Thus, the third prong is satisfied. Defendant does not identify any issues with the fourth prong, which this Court will not address. Accordingly, Plaintiff has pleaded Count I with sufficient specificity.

### iii. Count I is not barred by the doctrine of collateral estoppel

Defendant contends that Plaintiff has violated the doctrine of collateral estoppel by bringing this suit. The doctrine prevents re-litigating issues that have already been decided between the parties in an earlier lawsuit. *See Brown v. R.J. Reynolds Tobacco Co.*, 611 F. 3d 1324, 1332 (11th Cir. 2010). In order for the doctrine to apply, it is necessary that both the parties and issues be identical. *See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, So. 2d 1216, 1235 (Fla. 2006).

Here, Defendant argues that the issues were already litigated and decided in California. To that end, Defendant even cites portions of the transcript from that litigation. It is clear that the parties here and in the California lawsuit are the same, and that both lawsuits arise from the same nucleus of facts. However, the *issues* before this Court and those decided in California are not the same. From the record and evidence available to the Court, it is evident that the California lawsuit specifically decided the issue of whether the alleged agreement constituted child support. Nowhere in that case was there an issue involving fraud. Plaintiff's argument in California reveals that it did not sound in fraud: Plaintiff claimed that "the amount agreed to is less than [Child X's] reasonable needs and not consistent with [Defendant's] station in life and his lifestyle." Def's Mot. to Dismiss at 6. Although the parties are the same and the facts underlying both lawsuits are indeed similar, the issue litigated in California is not the same issue before this

Court. Accordingly, Count I does not violate the collateral estoppel doctrine.

### iv. Count I is not barred by the statute of limitations

Defendant claims that Count I is barred by the applicable statute of limitations. In Florida, the statute of limitations for a fraud claim is four years. *See* Fla. Stat. § 95.11(3)(j). The statute begins to run when the plaintiff knew or should have known of the misrepresentation(s). *See Goodwin v. Sphatt*, 114 So. 3d 1092, 1094 (Fla. 2d DCA 2013).

Here, Defendant argues that the statute began to run in late 2002 when the alleged agreement was made. If Defendant's contention is correct, the statute of limitations would have expired in late 2006, barring this claim from being litigated. However, Plaintiff asserts that she only became aware of the misrepresentations in 2014. Because the Court is required to assume all factual allegations as true, this is the time when the statute begins to run. As such, the statute of limitations expires in late 2018 and this claim was timely brought. Accordingly, Count I is not barred by the statute of limitations.

### v. Count I is not barred by the Independent Tort Doctrine

Defendant next asserts that Plaintiff violated the economic loss rule by pleading tort and contractual claims stemming from the alleged contractual relationship with the Defendant. The independent tort doctrine prohibits claims where damages sought in tort are the same as those for breach of contract. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 402 (Fla. 2013). However, the tort claim is allowed when the tort committed is independent of the breach of contract claim, which includes fraud in the inducement. *See id.*

Here, Count I is pleaded as "fraud" but the substance of Count I, as it relates to the formation of the alleged contractual relationship with the Defendant, is in actuality fraud in the

inducement.[2] Specifically, Plaintiff's allegations that Defendant's representations were "knowingly false when made," that Defendant never intended "to take care of Plaintiff and Child X," and that Defendant intended to "defraud and *induce* Plaintiff to re[]ly upon the promises," all indicate a substantive fraud in the inducement claim. [ECF No. 7 at 6] (emphasis added). Thus, Plaintiff is indeed pleading a fraud in the inducement claim.

Furthermore, with respect to the mere fraud aspect of Plaintiff's "fraud" count, these remaining allegations of fraud premised on Defendant's false promises inducing Plaintiff into refraining from enforcing the agreement are likewise separate and apart from any breach of contract as such were additional promises beyond the contract. Accordingly, Plaintiff's claims for fraud, which this Court has indicated *supra* must be separated into two counts, are not barred by the independent tort doctrine.

### vi. Plaintiff has standing

Defendant asserts that Plaintiff lacks standing to bring a claim for fraud on behalf of Child X as Plaintiff herself suffered no injury in fact. However, the Complaint contains no allegations of damages to Child X for which Plaintiff seeks to recover in this action; such was the subject of the child support action in California. Rather, Plaintiff alleges that Plaintiff herself suffered damages as a result of Defendant's fraudulent misrepresentations and fraud in the inducement. The purpose for which the money may have been earmarked is of no consequence to the analysis. The alleged fraud occurred as between Plaintiff and Defendant, not as between Child X and Defendant. Thus, Plaintiff has standing to pursue her fraud claims. Accordingly, Count I is not barred by lack of standing.

---

[2] As noted *supra*, Plaintiff also appears to be claiming fraud for Defendant's additional misrepresentations designed to induce her to refrain from enforcing the alleged agreement by court action or otherwise. These allegations must be set forth in a separate count.

### c. Promissory Estoppel Claim (Count II)

Defendant moves to dismiss Count II, arguing that (a) Plaintiff has failed to state a claim for relief; (b) Count II is barred by the statute of frauds; (c) Count II is barred by collateral estoppel; and (d) Plaintiff lacks standing to bring Count II. The Court will address each of Defendant's arguments, in turn.

### i. Plaintiff has stated a claim for relief

Defendant first argues that Plaintiff's breach of contract claim should be dismissed as it contains allegations that are contradictory in that Plaintiff alleges both the existence of an express contract and a claim for promissory estoppel. Defendant's argument appears to be based on the language found in Paragraph 45 of the Amended Complaint, which re-alleges all prior paragraphs, including all allegations in the preceding counts. The Court has already addressed this argument in section III(a), *supra.*

Defendant further argues that Plaintiff fails to allege a detriment to her because not revealing Defendant's name to Child X is not an actual detriment as matter of law. "To state a cause of action for promissory estoppel, a plaintiff must allege facts that, if taken as true, would show 1) that the plaintiff detrimentally relied on a promise made by the defendant, 2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person, and 3) that injustice can be avoided only by enforcement of the promise against the defendant." *W.R. Townsend Contracting, Inc. v. Jensen Civil Construction, Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999) (citing *W.R. Grace & Co. v. Geodata Services, Inc.*, 547 So.2d 919, 924 (Fla.1989)). A review of the Complaint reveals that Plaintiff has sufficiently pleaded the necessary detriment in support of her claim for promissory estoppel. Specifically, Plaintiff pleaded that she maintained the secrecy of

Defendant's identity, which, contrary to Defendant's unsupported conclusion that such is not a detriment as a matter of law, may constitute sufficient detriment to Plaintiff should a jury decide so, particularly when read in conjunction with the additional detriments pleaded by Plaintiff – "refraining from pursuing her rights under the Agreement, and other rights, and exhaust[ing] her resources to pay for Child X." [ECF No. 7 at 8].

Defendant also argues that the promise is too indefinite to enforce for lack of pleading the time and terms, citing to *W.R. Grace & Co*, 547 So.2d at 924. However, this rule speaks to the proof ultimately required at trial, not the notice of claim that must be provided in a complaint. The Court finds that Plaintiff has alleged sufficient facts to put Defendant on notice of the promises supporting her promissory estoppel claims. *See* [ECF No. 7 at 7-8]. Accordingly, the Court finds that Count II does, in fact, state a claim for relief. However, the Court must dismiss Count II as a shotgun pleading pursuant to the Court's analysis in section III(a), *supra*.

### ii. Count II is not barred by the Statute of Frauds

Defendant next argues that Count II is barred by the statute of frauds. Florida's statute of frauds provides that "no action shall be brought… upon any agreement that is not to be performed within the space of 1 year from the making thereof…" Fla. Stat. §725.01. Florida's statute of frauds has been interpreted to apply only to those contracts that cannot possibly be performed within one year's time. *See Loper v. Weather Shield Mfg., Inc.*, 203 So. 3d 898, 906 (Fla. 1st DCA 2015) ("When, as in this case, no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds.")); *Browning v. Poirier,* 165 So. 3d 663, 664-66 (Fla. 2015); *see also Doyle v. Dixon*, 97 Mass. 208, 212 (1867).

Here, the possibility of Plaintiff's death within one year of entering into the alleged oral agreement with Defendant for the payment of $1 million to Plaintiff in return for Plaintiff refraining from revealing the identity of Child X's father to Child X takes the alleged oral agreement outside the statute of frauds as both sides could have fully performed within one year should Plaintiff have died within one year. *See Loper*, 203 So. 3d at 906; *Browning,* 165 So. 3d at 664-66; *see also Doyle,* 97 Mass. at 212. Additionally, the trust that Defendant allegedly agreed to create and fund for the benefit of Child X such that it produced $20,000 annually for support payments and a $1 million principal investment to Child X on her 27th birthday could have been fully performed within one year. *See id.* That is, the trust could have been immediately fully funded in such a manner that it produced the $20,000 annual payments with a principal amount of $1 million reverting to Child X upon her 27th birthday. *See id.* Moreover, the alleged oral agreement as to the trust for the benefit of Child X could likewise have been fully performed within one year had Child X died within one year from the date of the oral agreement. *See id.* This logic equally applies to any subsequent reaffirmations of such oral promises alleged in the Complaint. Accordingly, the statute of frauds does not bar Plaintiff's claim for promissory estoppel.

### iii. Count II is not barred by the doctrine of collateral estoppel

Defendant contends that Plaintiff has violated the doctrine of collateral estoppel by bringing this suit. The Court has already addressed this argument in section III(b)(iii), *supra.*

### iv. Plaintiff has standing

Defendant asserts that Plaintiff lacks standing to bring a claim for promissory estoppel on behalf of Child X as Plaintiff herself suffered no injury in fact. However, again, the Complaint contains no allegations of damages to Child X for which Plaintiff seeks to recover in this action;

such was the subject of the child support action in California. Rather, Plaintiff alleges that Plaintiff herself suffered a detriment and damages in reasonable reliance on Defendant's promises – the money Plaintiff alleges she exhausted paying for Child X for which Defendant promised to pay. The purpose for which the money may have been earmarked is of no consequence to the analysis. The alleged detriment and damages were suffered by Plaintiff, not Child X. Therefore, Plaintiff has standing to pursue her promissory estoppel claims. Accordingly, Count II is not barred by Plaintiff's lack of standing.

### d. Breach of Contract Claim (Count III)

Defendant moves to dismiss Count III, arguing that (a) Plaintiff has failed to state a claim for relief; (b) Count III is barred by collateral estoppel; (c) Count III is barred by the statute of limitations; and (d) Plaintiff lacks standing to bring Count III. The Court will address each argument, in turn.

#### i. Plaintiff has stated a claim for relief

Defendant first argues that Plaintiff's breach of contract claim should be dismissed as it contains allegations that are contradictory. Defendant's argument is based on the language found in Paragraph 45 of the Amended Complaint which re-alleges all prior paragraphs, including all the allegations in the preceding counts. The Court has already addressed this argument in section III(a), *supra.*

Defendant next argues that notwithstanding the above, Plaintiff's breach of contract claim fails as vague. Under Florida law, for a breach of contract claim, Plaintiff must plead and establish: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (applying Florida law). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2)

acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Id*. Notwithstanding paragraph 45 of Plaintiff's Amended Complaint, upon due consideration of the well-pleaded allegations with respect to Plaintiff's breach of contract claim, which the Court must accept as true at this juncture, the Court finds that Count III of Plaintiff's Amended Complaint states a plausible claim for relief for breach of contract under Florida law. However, the Court must dismiss Count III as a shotgun pleading pursuant to the Court's analysis in section III(a), *supra*.

### ii. Count III is not barred by collateral estoppel

Defendant again contends that Plaintiff has violated the doctrine of collateral estoppel by bringing this suit. The Court has already addressed this argument in section III(b)(iii), *supra*.

### iii. Count III is not barred by the statute of limitations

Defendant argues that Plaintiff's breach of contract claim is barred by Florida's four-year statute of limitations governing breaches of oral contracts,[3] as the oral agreement was entered into by the parties in 2002. Plaintiff responds that, under Florida law, the limitations period runs from "when the last element constituting the breach of contract occurred," and the "last element of the claim occurs at the time of the breach." Plaintiff argues that she alleged that the last breach occurred in 2014. Plaintiff further argues that the occurrence of a breach, or breaches, is a question of fact.

At this juncture, Defendant's request is premature because a statute of limitations bar is

---

[3] Because Plaintiff's breach of contract claim was filed under Florida law, *see* [ECF No. 7 at 1], the Court will address the claim in the context of Florida's statute of limitations. *See Bertonatti v. Mapfre La Seguridad,* No. 08-23217, 2009 WL 10667192, *2 (S.D. Fla. July 28, 2009) ("The Eleventh Circuit has held that except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations (*citing Reisman v. General Motors Corp.,* 845 F.2d 289, 291 (11th Cir. 1988))).

an affirmative defense, and Plaintiff is not required to negate an affirmative defense in its Amended Complaint. *See Tampa Bay Rays Baseball, Ltd. V. Volume Servs.,* Case No.17-cv-2948, 2018 WL 3068068, *2 (M.D. Fla. March 12, 2018) (stating that because a statute of limitations bar is an affirmative defense, plaintiff is not required to negate an affirmative defense in its complaint) (citing *Beach Cmty. Bank v. CBG Real Estate LLC,* 674 Fed.Appx. 932, 934 (11th Cir. 2017))). Here, Plaintiff's Amended Complaint contains factual allegations that are clearly not time-barred. And for contracts like the alleged oral contract at issue here, a divisible contract, the statute of limitations will generally begin to run at the time of each breach. *Id.* (quoting *Access Ins. Planners, Inc. v. Gee*, 175 So.3d 921, 924 (Fla. 4th DCA 2015)). Consequently, the occurrence of a breach or breaches is a question of fact, which the Court cannot rule on at this juncture. *Id.* ("Consequently, the occurrence of a breach or breaches will most likely be a question of fact that will render the application of the statute of limitations a mixed question of law and fact. Simply put, the Court cannot rule on this issue now."). *See also Altenel, Inc. v. Millennium Partners, LLC,* Case No. 11-cv-22806, 2014 WL 11860710, *8 (S.D. Fla. June 5, 2014). Accordingly, Count III is not barred by the statute of limitations at this stage.

### iv. Plaintiff has standing

Defendant again asserts that Plaintiff lacks standing to bring a claim for breach of contract on behalf of Child X as Plaintiff herself suffered no injury in fact. However, once again, the Complaint contains no allegations of damages to Child X for which Plaintiff seeks to recover in this action; such was the subject of the child support action in California. Rather, Plaintiff alleges that Plaintiff herself suffered damages as a result of Defendant's breach of the contract between Defendant and Plaintiff. The purpose for which the money may have been earmarked is of no consequence to the analysis. The alleged damages were suffered by Plaintiff, not Child X.

Therefore, Plaintiff has standing to pursue her breach of contract claims. Accordingly, Count III is not barred by Plaintiff's lack of standing.

### e. Unjust Enrichment Claim (Count IV)

Defendant moves to dismiss Count IV, arguing that Plaintiff has failed to state a claim for relief and it is barred by collateral estoppel. The Court will address each argument, in turn.

#### i. Plaintiff has stated a claim for relief.

Defendant first argues that Plaintiff's unjust enrichment claim should be dismissed because Plaintiff alleges the existence of an express contract, which precludes recovery under a theory of unjust enrichment. Defendant's argument is based on the language found in Paragraph 50 of the Amended Complaint, which re-alleges all prior paragraphs, including the paragraphs in Plaintiff's breach of contract claim alleging the existence of an agreement. The Court has already addressed this argument in section III(a), *supra*.

Defendant next argues that notwithstanding the above, Plaintiff's unjust enrichment claim fails as a matter of law under New York law. However, because Plaintiff's unjust enrichment claim was brought under Florida law, *see* [ECF No. 7 at 1], the Court applies Florida law. Under Florida law, a plaintiff must show that: "(1) he/she has conferred a benefit on the defendant, who had knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and that (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff." *Tracfone Wireless, Inc. v Simply Wireless, Inc.,* 275 F.Supp.3d 1332, 1341 (S.D. Fla. 2017) (quoting *Hillman Const. Corp. v. Wainer*, 636 So.2d 576, 577 (Fla. 4th DCA 1994)). Notwithstanding Paragraph 50, Plaintiff has stated a claim for relief under Florida law. However, the Court must dismiss Count IV as a shotgun pleading pursuant to the Court's analysis in section III(a), *supra*.

> ii. **Count IV is not barred by collateral estoppel**

Defendant again contends that Plaintiff has violated the doctrine of collateral estoppel by bringing this suit. The Court has already addressed this argument in section III(b)(iii), *supra.*

## IV. Conclusion

Plaintiff's Amended Complaint is an impermissible shotgun pleading in two respects, and must be dismissed on that basis.

For the foregoing reasons, after careful consideration, it is hereby:

**ORDERED and ADJUDGED** that

1. Defendant's Motion to Dismiss [ECF No. 11] is **GRANTED IN PART AND DENIED IN PART, as set forth herein**.

2. Plaintiff's Amended Complaint [ECF No. 7] is **DISMISSED without prejudice**, as an impermissible shotgun pleading.

3. The Court will allow Plaintiff one more opportunity to file a permissible complaint. Plaintiff shall file a second amended complaint within ten (10) days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of September, 2018.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record