UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23333-CIV-MARTINEZ/AOR

JANE DOE,

    Plaintiff,

v.

JOHN ROE,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant John Roe's ("Defendant") Bill of Costs [D.E. 253] and Verified Motion for Costs [D.E. 261] (together, "Motion for Costs"). This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 262]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Costs be GRANTED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Jane Doe ("Plaintiff") commenced this action against Defendant on September 1, 2017 [D.E. 1]. Plaintiff filed an Amended Complaint on October 26, 2017 [D.E. 7] and a Second Amended Complaint on October 9, 2018 [D.E. 127]. In her Second Amended Complaint, Plaintiff asserted five claims against Defendant: (1) fraud in the inducement; (2) fraud; (3) promissory estoppel; (4) breach of contract; and (5) unjust enrichment. See Second Am. Compl. [D.E. 127 at 1]. Plaintiff claimed that she and Defendant entered into in alleged oral agreement in 2002, shortly after the birth of their child, whereby Defendant would pay Plaintiff and create a trust for their child

in exchange for Plaintiff keeping his parentage of their child confidential; and that Defendant breached their alleged oral agreement. Id. at 3-5.

On September 19, 2019, Defendant filed a Motion for Summary Judgment [D.E. 151] as to all claims asserted by Plaintiff, which was granted on November 11, 2020 [D.E. 244]. The Court entered Final Judgment in Defendant's favor the same day [D.E. 245].

On December 14, 2020, Defendant filed his Bill of Costs [D.E. 253] and, in support thereof, submitted the Affidavit of Harris K. Solomon ("Solomon Affidavit") [D.E. 253-2] and copies of the supporting invoices [D.E. 253-1]. On January 8, 2021, Defendant filed his Verified Motion for Costs [D.E. 261].[1] On February 17, 2021, the undersigned entered an Order to Show Cause directing Plaintiff to show cause why Defendant's Motion for Costs should not be granted [D.E. 263]. On March 3, 20201, Plaintiff filed her Response to Motion to Tax Costs ("Response") [D.E. 264]; and on March 16, 2021, Defendant filed his Reply to Plaintiff's Response ("Reply") [D.E. 265].

## APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486

---

[1] The Bill of Costs [D.E. 253] is also attached to the Verified Motion for Costs as Exhibit 1 [D.E. 261-1].

F. App'x 778, 780 (11th Cir. 2012). Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs in excess of those authorized by statute. Crawford Fitting, 482 U.S. at 445.

## DISCUSSION

### I. Entitlement to Costs

#### 1. Taxable Costs

Having obtained a Final Judgment in his favor as to all of Plaintiff's claims, Defendant is clearly the prevailing party and is entitled to recover his taxable costs pursuant to Rule 54(d). Plaintiff argues that all costs related to the Rule 11 proceedings that were conducted in the case should be denied because Defendant did not prevail on these matters, and because they were not reasonably and necessarily incurred in defending the case. See Response [D.E. 264 at 1-2]. However, Plaintiff has not cited any authority in support of her argument, and there is no requirement that Defendant prevail on every motion to be awarded full costs as the prevailing party. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) ("To be a prevailing party [a] party

3

need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).")· Thus, there is no basis to exclude Defendant's taxable costs related to the Rule 11 proceedings.

   2. **Non-Taxable Costs**

Defendant also seeks to recover $17,399.34 in costs "pursuant to Local Rule 7.3, which are not taxable under 28 U.S.C.A. § 1920." See Verified Motion for Costs [D.E. 261 at 1-3]. Plaintiff objects to Defendant's request for any costs not enumerated or otherwise authorized by statute. See Response [D.E. 264 at 3]. Moreover, Defendant has not provided any basis for entitlement to non-taxable costs, other than the reference to Local Rule 7.3, which simply provides a procedure for parties to follow in attempting to resolve attorney's fees and non-taxable costs disputes by agreement. See Local Rule 7.3(a). Therefore, Defendant is not entitled to recover non-taxable costs.[2]

   3. **Pendency of Appeal**

Plaintiff requests that the entry of a costs award be stayed until the pending appeal has been resolved. See Response [D.E. 264 at 1]. "A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." Miccosukee Tribe of Indians of Fl. v. United States, No. 10-23507-CV, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011); see also Sorrels v. NCL (Bahamas) Ltd., No. 13-21413-CIV, 2014 WL 4373604, at *1 (S.D. Fla. Sept. 3, 2014), vacated and remanded on other grounds, 796 F.3d 1275 (11th Cir. 2015) ("The party seeking a stay bears the burden of showing that the circumstances justify an exercise of the court's discretion

---

[2] Defendant included fees for transcriptions of audio recordings in his request for non-taxable costs "in an abundance of caution." See Verified Motion for Costs [D.E. 261 at 2 n.1]. However, Defendant may recover these transcription fees as part of his taxable costs. Patsalides v. City of Fort Pierce, 2017 WL 10402989, at *7 (S.D. Fla. Sept. 20, 2017) ("28 U.S.C. § 1920(2) does not distinguish between transcripts of depositions and transcripts of audio recordings, so long as these transcripts were necessarily obtained for use in the case.").

to grant the stay.") To obtain a stay pending appeal, the moving party must show that it has a substantial likelihood of success on the merits. Miccosukee, 2011 WL 5508802 at *1.

Plaintiff has not made any showing of substantial likelihood of success on the merits on her appeal to warrant a stay. Id.; see also Sorrels, 2014 WL 4373604 at *1. Moreover, under Local Rule 7.3(c), the pendency of an appeal does not preclude a prevailing party from seeking costs. See S.D. Fla. L.R. 7.3(c) ("The prospects or pendency of supplemental review or appellate proceedings shall not toll or otherwise extend the time for filing a bill of costs with the Court.").

Accordingly, there is no basis for staying the entry of a costs award in favor of Defendant as prevailing party.

**II.   Amount of Taxable Costs**

Defendant requests an award of the following taxable costs as prevailing party in this action:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of summons and subpoenas | 1,215.00 |
| Fees for recorded transcripts | 633.65 |
| Fees for printing | 141.80 |
| Fees for deposition transcripts | 6,835.94 |
| Fees for transcriptions of audio recordings | 2,889.40 |
| Fees for video depositions | 3,962.50 |
| **TOTAL:** | **15,678.29** |

See Bill of Costs [D.E. 261-1 at 2-5].

Plaintiff only objects to the deposition transcript costs on the basis that they were not necessary for the case. See Response [D.E. 264 at 3]. However, the undersigned also examines the following costs items, which are not recoverable under Section 1920: (1) Fees for service of summons and subpoenas in excess of the amount charged by the U.S. Marshall's Office; (2) Fees for deposition transcripts incurred for the convenience of counsel; (3) Fees for video depositions.

### 1. Fees for service of summons and subpoenas

Private process server fees may be taxed pursuant to Section 1920. U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). However, such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. Emery v. Allied Pilots Ass'n, No. 14-80518-CV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017), report and recommendation adopted, No. 14-80518-CIV, 2017 WL 5188351 (S.D. Fla. June 6, 2017). Defendant's invoices for the service of six subpoenas total $1,215.00. See Bill of Costs [D.E. 253-1 at 3-8]. This exceed the $65.00 recoverable amount per service; therefore, the amount recoverable for process server fees is reduced to $390.00.

### 2. Fees for deposition transcripts

Expenses related to "printed or electronically recorded transcripts necessarily obtained for use in the case" are compensable. 28 U.S.C. § 1920(2). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." W&O, 213 F.3d at 620–21 (internal quotation omitted). A court may tax costs associated with depositions submitted in support of summary judgment motions. Id. "[O]btaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken. . . . [D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success . . . ." Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (internal quotations omitted) (citing W&O, 213 F.3d at 621).

Defendant seeks to recover transcript costs associated with the depositions of the following individuals: Plaintiff, Defendant, Eleanor Alter ("Ms. Alter"), Jeff Cohen ("Mr. J. Cohen"), Raoul Felder ("Mr. Felder"), William Beslow ("Mr. Beslow"), and Robert Cohen ("Mr. R. Cohen"). See

6

Bill of Costs [D.E. 253-1 at 1-2]. Plaintiff argues that all of the deposition costs should be denied because Defendant made *de minimis* use of the deposition transcripts given that Defendant's Motion for Summary Judgment was primarily decided on substantive matters of law rather than the facts of the case. See Response [D.E. 264 at 3]. Defendant counters that all of the depositions were necessarily obtained for use in the case. See Reply [D.E. 265 at 3]. The depositions of Plaintiff, Ms. Alter, Mr. J. Cohen, Mr. R. Cohen, and Mr. Beslow were cited in Defendant's Motion for Summary Judgment. See Defendant's Motion for Summary Judgment [D.E. 151]. Moreover, as to the depositions of Defendant and Mr. Felder, Plaintiff has not met her burden of demonstrating that they were not "related to an issue which was present in the case at the time the deposition was taken." W&O, 213 F.3d at 621 (quoting Indep. Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 718 (N.D. Ill. 1982)). Accordingly, the transcript costs for all seven depositions are taxable.

Additional fees that are necessary to the taking of the deposition, such as interpreter fees and court reporter attendance fees are also taxable; however, fees incurred merely for the convenience of counsel are not. See Joseph v. Nichell's Caribbean Cuisine, Inc., 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013). "Shipping and handling costs derived from the stenographer are not taxable." Castillo v. Teledyne Cont'l Motors. Inc., No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011) report and recommendation adopted, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011).

Defendant's deposition invoices include charges for the following items: litigation support package; processing and handling; exhibits; condensed transcript; "witness read and sign packet"; and processing and archival services. See Bill of Costs [D.E. 253-1 at 22-52]. None of these items are recoverable. See Joseph, 950 F. Supp. 2d at 1258-59; Castillo, 2011 WL 1337232.

7

Disallowance of these items results in a reduction of $1,169.45, for an adjusted total of $5,666.49 for deposition transcript costs. See Bill of Costs [D.E. 253-1 at 22-52].

### 3. Fees for video depositions

Defendant seeks to recover the costs for videotaping the depositions of Plaintiff, Defendant, Ms. Alter, Mr. J. Cohen, Mr. Felder, Mr. Beslow, and Mr. R. Cohen. "[W]hen a party notices a deposition to be recorded by . . . both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 465 (11th Cir. 1996). However, in order to tax costs for both transcripts and videotapes of a deposition, the prevailing party must explain why both means of recording the deposition were necessary. Powell v. The Home Depot, U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010) (citing Morrison, 97 F.3d at 465); see also Perfect Web Techs., Inc. v. Infousa, Inc., No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) ("[W]here reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary."); Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C., 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Here, Defendant provides no explanation as to why both transcripts and videotapes of the depositions were necessary. Given the lack of explanation, costs attributable to the videotaping of the depositions of Plaintiff, Defendant, Ms. Alter, Mr. J. Cohen, Mr. Felder, Mr. Beslow, and Mr. R. Cohen are not recoverable. Therefore, the $3,962.50 requested for fees of the videographer is disallowed. See Bill of Costs [D.E. 253-1 at 1-2, 22-52].

Applying the foregoing reductions results in the following costs computation:

| Expenses and Costs | Requested ($) | Allowed ($) |
|---|---|---|
| Fees for service of summons and subpoenas | 1,215.00 | 390.00 |
| Fees for recorded transcripts | 633.65 | 633.65 |
| Fees for printing | 141.80 | 141.80 |
| Fees for deposition transcripts | 6,835.94 | 5,666.49 |
| Fees for transcriptions of audio recordings | 2,889.40 | 2,889.40 |
| Fees for video depositions | 3,962.50 | 0.00 |
| **TOTAL:** | **15,678.29** | **10,264.26** |

## RECOMMENDATION

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Tax Costs [D.E. 253, 261] be GRANTED IN PART, and that Defendant be awarded $**10,264.26** in taxable costs as the prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 19th day of July, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record

9